IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-600

FORREST C. HOBBS,

    Plaintiff,

v.

TJX COMPANIES, INC.,

    Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss ("Motion") (Doc. No. 4) filed November 21, 2018. Plaintiff's response was due by December 5, 2018. Plaintiff filed no response, and the Court directed Plaintiff to respond by May 27, 2019, informing him that if he failed to respond, the Court would proceed without a response. (Doc. No. 6, at 1). On May 24, 2019, Plaintiff requested a 60-day extension. (Doc. No. 8, at 2). The Court granted that request, extending the deadline to July 26, 2019. On July 26, 2019, Plaintiff requested a second extension. (Doc. No. 9, at 1). The Court granted that request as well, extending the deadline to October 7, 2019. Plaintiff then requested a third extension. (Doc. No. 10). The Court granted that request but warned Plaintiff that no additional extensions would be granted. Plaintiff did not file a response. This matter is now ripe for adjudication.

## I. BACKGROUND

Plaintiff alleges that Defendant terminated his employment on the basis of his race, wrongfully accused him of collaborating with shoplifting suspects without thoroughly investigating or providing notice of their findings, denied his right to meet with a company representative to discuss the shoplifting incident, provided the "North Carolina Unemployment

Agency with false claims of [his] termination" to prevent him from qualifying for aid, refused to reimburse him for damage to his personal vehicle from vandalism committed by the shoplifters, and harassed and stalked him at his current place of employment by following him in their company vehicles to and from his job. (Doc. No. 1-1, at 4).

**II. STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 8(a)(2) requires . . . a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Fed. R. Civ. P. 12(b)(6) provides an avenue to attack a complaint where the "grounds" of a plaintiff's "entitle[ment] to relief" are insufficient. *Id.* (citation omitted). When faced with a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000). Thus, to survive a motion to dismiss, a plaintiff must include within his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**III. DISCUSSION**

The Court is mindful Plaintiff is pro se and his Complaint must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Even so,

Plaintiff's failure to identify the legal claims he seeks to pursue or cite to a single federal or state law is a failure to state a claim.[1] *See Lee v. Dep't of Pub. Safety & Corr. Servs.*, No. RWT-13-1341, 2014 U.S. Dist. LEXIS 35749, 2014 WL 1120238, at *4 (D. Md. Mar. 19, 2014) (dismissing complaint when plaintiff failed to cite a cause of action); *Zeno v. Chevy Chase Bank*, No. PJM 08-2236, 2009 U.S. Dist. LEXIS 113138, at *2 (D. Md. Dec. 4, 2009) (dismissing complaint when plaintiffs failed to identify the statutory basis for their claim and merely alleged that defendants "used [their] place of origin, namely Puerto Rico, and/or race, as a basis of discrimination in denying them the same treatment mandated them under the law").

## IV. CONCLUSION

For the foregoing reasons and after giving a liberal construction to Plaintiff's Complaint, Defendants' Motion (Doc. No. 4) is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: November 4, 2019

Graham C. Mullen
United States District Judge

---

[1] Even to the extent that Plaintiff's Complaint can be interpreted as a Title VII claim for racial discrimination (due to Plaintiff's conclusory statement that he was terminated due to his "race"), Plaintiff has not shown that he has met Title VII, §2000e–5(e)(1) and (f)(1)'s requirements that he submit his allegations to the EEOC and wait a specific period before commencing a civil action.

3